IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL A. GRABER, | : | |
| Plaintiff, | : | Case No. 2:07-cv-1254 |
| v. | : | Judge Holschuh |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | : | Magistrate Judge King |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION & ORDER

On April 24, 2008, Magistrate Judge King issued a Report and Recommendation (Doc. 10) recommending that the Court deny the Commissioner's motion to dismiss for lack of subject matter jurisdiction and that the United States Marshal be ordered to effect proper service of process. (Doc. 7). This matter is currently before the Court on the Commissioner's Objections to the Report and Recommendation. (Doc. 12). For the reasons stated below, the Court sustains those objections and grants the Commissioner's motion to dismiss.

**I.    Background and Procedural History**

Samuel A. Graber, acting without the assistance of counsel, filed a complaint in the Franklin County Court of Common Pleas seeking judicial review of a decision of an administrative law judge denying his application for Social Security disability benefits. Pursuant to 28 U.S.C. § 1442(a)(1), permitting removal of civil cases brought against agencies of the United States, the Commissioner removed the case to this Court.

The Commissioner then filed a motion to dismiss Plaintiff's claim. He argued that the derivative jurisdiction doctrine deprived this Court of subject matter jurisdiction over Plaintiff's

claim. The derivative jurisdiction doctrine holds that if the state court where an action is filed lacks subject matter jurisdiction, the federal court, upon removal, also lacks subject matter jurisdiction, even if the federal court would have had subject matter jurisdiction if the suit had originally been filed in federal court. Minnesota v. United States, 305 U.S. 382, 389 (1939); Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co., 258 U.S. 377, 382 (1922).

Federal district courts have exclusive jurisdiction to review decisions of the Commissioner of Social Security. 42 U.S.C. § 405(g). According to the Commissioner, because Plaintiff mistakenly filed suit in the Franklin County Court of Common Pleas, which lacks subject matter jurisdiction over Plaintiff's claim, the federal district court also lacks subject matter jurisdiction. The Commissioner also argued that this Court lacked personal jurisdiction because Plaintiff had failed to effect proper service of process as required by Federal Rule of Civil Procedure 4. Plaintiff admitted that "he clearly filed in the wrong court," but nevertheless urged the Court to review his claim. (Pl.'s Mem. in Opp'n at 1).

On April 24, 2008, Magistrate Judge King issued a Report and Recommendation. On the issue of subject matter jurisdiction, she noted that, in 1986, Congress overruled the doctrine of derivative jurisdiction with respect to actions removed pursuant to 28 U.S.C. § 1441, the general removal statute that authorizes removal of civil actions brought in state court of which federal district courts have original jurisdiction. Subsection (f) of § 1441, as further amended in 2002, now states: "[t]he court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim." 28 U.S.C. § 1441(f).

Citing Palmer v. City National Bank of West Virginia, 498 F.3d 236, 239 (4th Cir. 2007),

and Taylor v. United States, No. 06-2-C, 2006 WL 2037392 (W.D. Ky. July 18, 2006), Magistrate Judge King acknowledged that although Congress abolished the doctrine of derivative jurisdiction with respect to cases removed under § 1441, the doctrine still applies to cases brought against agencies of the United States and removed under § 1442 as this one was. She nevertheless held that even though the Commissioner had invoked only § 1442, the case was also removable under § 1441(a). In order to save Plaintiff's claim, which would have been viable had Plaintiff originally filed it in federal court, Magistrate Judge King recharacterized the basis for removal and determined that the derivative jurisdiction doctrine did not operate to deprive this Court of subject matter jurisdiction.[1] The Commissioner then filed Objections to the Report and Recommendation. Specifically, he objects to Magistrate Judge King's *sua sponte* recharacterization of the basis for removal from § 1442 to § 1441.

## II.     Standard of Review

Federal Rule of Civil Procedure 72 provides that in resolving objections to a magistrate judge's findings and recommendations involving a dispositive motion, the district judge must conduct a *de novo* review of the portion of the findings to which objection is made. Fed. R. Civ. P. 72 (b)(3). Similarly, the Federal Magistrate Act of 1979 provides:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

---

[1] With respect to the personal jurisdiction issue, Magistrate Judge King granted Plaintiff an extension of time to effect proper service of process. The Commissioner does not challenge this portion of the Report and Recommendation.

28 U.S.C. § 636(b)(1).

While *de novo* review typically requires independent review of the entire matter, a district judge reviewing the recommendation of a magistrate judge need only "give fresh consideration to those issues to which specific objection has been made by a party." United States v. Raddatz, 447 U.S. 667, 675 (1980). Findings of a magistrate judge to which no objections have been made need not be reviewed at all by the district court. Thomas v. Arn, 474 U.S. 140, 149 (1985).

**III.     Analysis**

Both the Commissioner and Magistrate Judge King correctly conclude that the language of § 1441(f), overruling the derivative jurisdiction doctrine for cases removed under § 1441, does not reach cases removed under § 1442. The plain language of § 1441 makes it clear that the derivative jurisdiction doctrine is eliminated only for cases removed under that section: "[t]he court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim." 28 U.S.C. § 1441(f) (emphasis added). The derivative jurisdiction doctrine, therefore, is still intact with regard to cases removed under other removal statutes, including § 1442. See e.g., Ohio ex rel Griffin v. Smith, No. 2:06-cv-1022, 2007 WL 1114252, **1-2 (S.D. Ohio April 12, 2007); Palmer, 498 F.3d at 246. Thus, since the Commissioner removed this case under § 1442, and the state court clearly had no subject matter jurisdiction to review a decision of an administrative law judge denying Plaintiff's application for Social Security disability benefits, the derivative jurisdiction doctrine divests this Court of subject matter jurisdiction.

Although the Commissioner argued that this lack of subject matter jurisdiction required dismissal, Magistrate Judge King instead recharacterized the basis of removal from § 1442 to § 1441, thereby restoring subject matter jurisdiction. It is this *sua sponte* recharacterization to which the Commissioner objects.

The Commissioner points out that numerous courts, presented with a case removed under § 1442 and lacking subject matter jurisdiction due to the derivative jurisdiction doctrine, have dismissed the case instead of recharacterizing the basis for removal. See e.g., Singleton v. Elrac, Inc., No. 03 Civ. 4979, 2004 WL 2609554, *1 (S.D.N.Y. Nov. 16, 2004) (rejecting the argument that the case should not be dismissed because "the removal could have been pursuant to 28 U.S.C. § 1441," since "the fact is that the removal was under 28 U.S.C. § 1442(a)(1)"); Ohio ex rel. Griffin v. Smith, 2007 WL 1114252 at **1-2 (dismissing pro se petition for writ of mandamus, initially filed in Ohio Supreme Court and removed under § 1442, because state court lacked jurisdiction); Taylor, 2006 WL 2037392 at **1-2 (W.D. Ky. July 18, 2006) (dismissing pro se Federal Tort Claims Act complaint, initially filed in state court and removed under § 1442, because district court had exclusive jurisdiction).

Further, argues the Commissioner, once a Court has determined that it lacks subject matter jurisdiction, the Court can proceed no further in any capacity but dismissal. E.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (citing Ex parte McCardle, 74 U.S. 506, 514 (1868)); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the

action."). Therefore, once a district court determines that it lacks subject matter jurisdiction over a claim, there is no opportunity for any sort of action on the part of the court, even one that purports to restore subject matter jurisdiction.

While recognizing that the derivative jurisdiction doctrine divests the Court of subject matter jurisdiction, Magistrate Judge King nevertheless relies on two cases for the proposition that the district court has the authority to recharacterize the basis of removal and restore subject matter jurisdiction. In Walker v. Gibson, a federal official removed a case involving a state defamation claim and a First Amendment claim to a district court under the Federal Drivers Act. 604 F. Supp. 916, 919 (N.D. Ill. 1985). The Federal Drivers Act applied only to claims for injuries resulting from the operation of a motor vehicle by a federal employee within the scope of his employment; therefore, removal under this statute was clearly in error. Id. Since the case could have been properly removed under either § 1442 or § 1331, the district court concluded *sua sponte* that it had removal jurisdiction over the case. Id.

Similarly, in National Audobon Society v. Department of Water and Power of the City of Los Angeles, the government mistakenly removed the case under § 1441, but later abandoned this section as a basis for removal and sought leave to amend the removal petition to change the basis for removal to § 1442. 496 F. Supp. 499, 502 (E.D. Cal. 1980). The district court allowed the amendment as a clarification of a defective allegation. Id. at 504.

The Commissioner argues that neither of these cases provides adequate authority to allow recharacterization of the basis for removal in this case. The Court agrees. First, neither case involved recharacterization of basis for removal in the context of the derivative jurisdiction doctrine, which is crucial to this decision. Second, in both cases, the recharacterization of basis

6

for removal was allowed in order to correct mistakes by the removing party. In this case, there is no indication of mistake on the part of the Commissioner in removing under § 1442; removal under that section was proper, and, indeed, it is quite possible that he intentionally chose § 1442 over § 1441 for the very reason that the derivative jurisdiction doctrine would divest the court of jurisdiction. Third, in National Audobon, the court did not even recharacterize the basis for removal *sua sponte*; it did so at the request of the removing party. The Commissioner in this case made no such request.

While the Court is sympathetic to the fact that Plaintiff, proceeding *pro se*, filed this action in the wrong court, there is no authority to support the *sua sponte* recharacterization of a proper removal under § 1442 to one under § 1441. The derivative jurisdiction doctrine, still applicable to cases removed under § 1442 until Congress indicates otherwise, cannot be avoided in this manner. Since the state court from which the action was removed lacked jurisdiction over the matter, this Court lacks subject matter jurisdiction as well and the case must be dismissed.

**IV. Conclusion**

Based on the foregoing, the Court finds that it lacks subject matter jurisdiction over this case. Accordingly, the Court **SUSTAINS** the Commissioner's objections (Doc. 12), **GRANTS** the Commissioner's motion (Doc. 7), and **DISMISSES** Plaintiff's claims **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**


Date: March 17, 2009  **/s/ John D. Holschuh**
John D. Holschuh, Judge
United States District Court